IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HAROLD G. HOBGOOD, SR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action No.** |
| v. : | **5:09-CV-164 (CAR)** |
| : | |
| **DAVID, KAMP & FRANK L.L.C.,** : | |
| **JENNIFER O'QUINN DAVID, ROBERT** : | |
| **A. SMALL, WEISBROD & PHILLIPS,** : | |
| **P.C., and BRADFORD CARTER** : | |
| **PHILLIPS,** : | |
| : | |
| **Defendants.** : | |
| : | |

**ORDER ON MOTION FOR SANCTIONS**

Currently before the Court is the Motion for Sanctions [Doc. 19] filed by Defendants David, Kamp, & Frank, LLC, Jennifer O'Quinn David, and Robert Smalls. Through the present motion, Defendant seeks sanctions against Plaintiff and his counsel for filing a patently frivolous action in this Court. Plaintiff did not file a response to the motion, but a full evidentiary hearing was held on this matter on August 27, 2009. For the reasons stated during the hearing and as discussed herein, the Court agrees with Defendants and finds that this is, in fact, a case in which the imposition of sanctions is warranted under Rule 11 of the Federal Rules of Civil Procedure. Defendants' motion is thus **GRANTED**.

**FINDINGS OF FACT**

The present action arises out of Plaintiff Harold G. Hobgood's divorce in the Circuit Court of Newport News, Virginia. Plaintiff has sued the Virginia law firm and Virginia attorneys who represented his ex-wife in the Virginia proceedings. Each of these defendants are Virginia residents

having little or no contact with the State of Georgia. In this action, Plaintiff objects to the legal arguments and positions articulated by his ex-wife's attorneys during the divorce proceedings and claims that Defendants made intentional misrepresentations about the relevant law to the Virginia courts. Plaintiff further asserts that his constitutional rights have been violated as a result, because he is unable to travel to Virginia for fear that he will be jailed for contempt.

However, the legal arguments and positions taken by Defendants, to which Plaintiff now objects, are substantially supported by Virginia case law, and two different Virginia courts heard the very same objections by Plaintiff during the divorce proceedings and adopted the position advocated by Defendants. Plaintiff did not appeal the Virginia courts' rulings. Rather, following the divorce proceedings, Plaintiff simply refused to pay the court-ordered spousal support and has since been held in contempt by the Virginia court. Plaintiff's contempt is thus the sole reason that he felt he may not be able to travel to Virginia, not Defendants' representations in the divorce case. Moreover, facts subsequently revealed show that Plaintiff was held in civil, not criminal, contempt by the Virginia court and that there was no specific risk that he would be arrested if he returned to Virginia.

Sometime after the divorce proceeding, Plaintiff relocated to Georgia and obtained counsel through B. Michelle Smith, Esquire. Ms. Smith agreed to act as his counsel and freely advocated his position that this Court, a United States Federal District Court, could and should hold Defendants, Virginia residents with no significant contacts in this State, liable for formulating and advocating legal arguments in another proceeding, which were not only supported by clear case law but were in fact adopted by two different Virginia state courts over Plaintiff's objection. Counsel was aware, from the outset, that Plaintiff had no attorney-client relationship with Defendants, that Defendants were Virginia residents without significant contacts in this state, and that at least two Virginia courts had previously rejected Plaintiff's legal arguments. Counsel even admitted that,

through the present suit, Plaintiff sought to have this Court essentially overrule the Virginia state court's ruling in the divorce proceeding and find that Plaintiff was not required to pay the spousal support ordered by the Virginia Court – something Counsel knew, or should have known, that this Court certainly cannot do.

Defendant filed a timely motion to dismiss this case.  Upon review of the Complaint, this Court found that: (1) there was no basis for the exercise of personal jurisdiction over Defendants, (2) venue was improper, and (3) the Complaint failed to state any claim upon which relief could be granted and was simply frivolous.[1]  The Motion to Dismiss was granted.  The Court then ordered Plaintiff and his counsel to appear and show cause why they should not be sanctioned, under Rule 11, for filing a frivolous action in this Court.  A hearing on the matter was held on August 27, 2009.  Counsel for both parties and Plaintiff were all given a full opportunity to be heard.  The issue of sanctions is now properly before the Court.

**DISCUSSION**

The sanction of an attorney or his client is a serious matter, and it is one that this Court does not take lightly.  The Court, however, does have the discretion to fashion appropriate sanctions for conduct which abuses the judicial process and, more specifically, violates Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[1] In error, this Court previously stated that subject matter jurisdiction was lacking.  There is, in fact, diversity jurisdiction in this case.  Plaintiff and Defendants are "citizens of different states," and the amount in controversy "exceeds the sum or value of $75,000." See Title 28 U.S.C. § 1332(a)(1). In its Order granting the motion to dismiss, this Court should have more appropriately stated that no recognized federal cause of action or federal question was presented by the Complaint.

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Based on this rule, the Eleventh Circuit has identified three types of conduct warranting the imposition of sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991); see also Fed. R. Civ. P. 11(c)(1) (providing for the imposition of sanctions).

The standard for conduct under Rule 11 is not a subjective one; rather, Rule 11 imposes a standard of "reasonableness under the circumstances." As the 1993 Advisory Committee Note to Rule 11(b)(2) explains, the rule "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2nd Cir. 1999) (quoting Fed. R. Civ. P. 11 advisory committee note to 1993 amendments). In applying this standard, however, a district court should be cautious and not take action that may "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Pelletier, 921 F.2d at 1514 n.88. While purely frivolous claims should be sanctioned, claims alleging innovative interpretations of the law should not.

In deciding between the two, this Court is instructed to first determine whether the claims asserted by Plaintiff are "objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous, i.e., whether he would have been aware had he made a reasonable inquiry." Id. "If the attorney/party did not make a 'reasonable inquiry,' then the court must impose sanctions – despite the attorney/party's good faith belief that the claims were sound." Id. With regard to the reasonableness of the inquiry into the pleading's factual basis, "a court may consider whether the signing attorney accepted the case by referral from another member of the bar; the time available for investigation; the extent of the attorney's reliance on his client's version of the facts; the complexity of the facts; and the extent to which factual development requires discovery." Id. (citing Fed. R. Civ. P. 11 advisory committee note; Thomas v. Capital Sec. Servs., 836 F.2d 866, 875 (5th Cir.1988) (en banc); ABA, Section of Litig., Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure, 121 F.R.D. 101, 114 (1988) [hereinafter ABA Standards].). "With regard to the reasonableness of a pleading's legal basis, a court may consider the time available to prepare the pleading; the complexity of the legal issues; the plausibility of the argument; and whether the party is proceeding pro se. Pelletier, 921 F.2d at 1514 n.88 (citing Fed. R. Civ. P. 11 advisory committee note; Capital Security, 836 F.2d at 875-76; ABA Standards, 121 F.R.D. at 116-17).

In this case, the Court finds that the claims raised by Plaintiff's Counsel are patently frivolous. Ms. Smith's conduct in filing the present suit was, at best, grossly negligent and, at worst, a bad faith abuse of process. Counsel knew or should have known that there was no viable tort or contract claim in this case. It would have taken very little investigation for Counsel to determine that no cause of action existed. Any reasonable attorney would know that Plaintiff had no grounds upon which he could hold his ex-wife's attorney liable for advocating a legal position that was

supported by ample case law.  In fact, very little investigation would have revealed that the legal arguments about which Plaintiff complained were not only substantiated by the relevant case law but that Plaintiff's arguments had previously been reviewed and rejected by two Virginia state courts.  Counsel was also aware that Plaintiff was not a client of Defendants. Counsel should thus have known that Plaintiff could not complain of any alleged professional malpractice in this action.

There was also no basis for the constitutional claims articulated in the Complaint. No constitutional "right to travel" was implicated; minimal investigation would have revealed that Plaintiff was not prohibited from traveling to Virginia at the time the Complaint was filed.  Even if he was at risk of imprisonment in Virginia, any objectively reasonable attorney would have known that any imprisonment would be due to solely Plaintiff's own conduct in intentionally violating a Virginia court order and that Defendants could not possibly be held liable for such action.

Most significant, however, is the fact that Counsel filed this action with the hope and intent that this Court would essentially overrule the legal conclusions of two Virginia state courts and somehow relieve Plaintiff of his obligation to pay his ex-wife the court-ordered spousal support payment.  Any reasonable attorney would know that a United States Federal District Court does not act as a court of appeals for any state court and that there is no way that this Court could or would possibly overturn or reverse a ruling from a Virginia court simply because it disagreed with that court's interpretation of the law.  A first-year law student should understand this concept; it is a principal that is fundamental to our judicial system.

Moreover, even if there had been some factual or legal basis for the present action, Plaintiff's counsel still filed this action without any apparent consideration or investigation as to whether there was a basis for this Court to exercise personal jurisdiction over Defendants or whether venue was

proper. Defendants are all Virginia residents with no significant contacts in this State. The divorce proceeding and all litigation and legal representation related thereto occurred in Virginia. Plaintiff, in fact, did not reside in Georgia during the litigation at issue. Thus, nothing ties the facts of this case to this State, much less the Middle District of Georgia. The only contact with the State, on which Plaintiff counsel seemed to rely to justify her initial assertion of jurisdiction, is that Defendants mailed a letter to Plaintiff, who resided in Georgia, and received an email from Plaintiff, who was in Georgia. No objectively reasonable attorney would believe that this constitutes "minimum contacts" for the exercise of personal jurisdiction in this State. Again, minimal investigation would have revealed that this Court cannot exercise personal jurisdiction over Defendants and that this venue is improper. The Court would hope that this error was an oversight or negligence by Counsel. Yet, when questioned about her basis for asserting jurisdiction, Counsel reasoned that she filed the suit here because Plaintiff was domiciled here and could not travel well. If this is true, the Court must find that Counsel simply abused the judicial process in this instance, hauling a non-resident defendant into a foreign court solely for her client's own convenience without any consideration of whether Defendants were subject to the jurisdiction of this Court.

Thus, at best, the Court finds that Counsel did not make reasonable inquiry into the facts of this case or the relevant law despite the fact that neither the facts nor the law in this case were particularly complex. There is no evidence before the Court that Counsel accepted the case by referral from another member of the bar, on which she placed some reliance, or that there was only a limited amount time for investigation before a filing deadline. In other words, the negligence of another attorney or a last minute filing deadline cannot be considered to be mitigating circumstances. It is clear to this Court that Counsel simply placed too much reliance on her client's version of the facts and his understanding of the law. In so doing, she abdicated her role as counsel and allowed

her client to control the case.

Plaintiff, however, is not a member of the Bar and is not held to the same standards as his counsel. Plaintiff's Counsel, not her client, signed the pleading in this case, "certifying that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) that it was "not being filed for any improper purpose," (2) that the claims and other legal contentions were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," and (3) that "the factual representations [had] evidentiary support." See Fed. R. Civ. P. 11(b)(1)-(3). Yet, this action was not filed for a proper purpose, as this Court fully believes the present suit was nothing more than an attempt to collaterally attack the Virginia court ruling, for which Plaintiff had failed to directly appeal. Even worse, the Court believes that Plaintiff may have simply filed this action for the additional purpose of harassing or punishing his ex-wife's former attorneys, for whom he clearly harbors some hostility. The Court also finds that the claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. While Counsel may wish that the law regarding the division of veterans benefits in divorce actions in Virginia should be changed, she knew, or at least should have known, that filing a collateral attack in this Court was not the vehicle to change or modify that law. Moreover, the Complaint itself fails to state any cognizable claims against the named defendants. The claims themselves thus are not warranted by existing law and are frivolous. Finally, the Court finds that factual representations in the Complaint did not have evidentiary support. The Complaint asserts that Plaintiff would be jailed if he traveled to Virginia. That is simply not true, as Plaintiff now concedes, and a reasonable investigation into the facts would have revealed this. Defendants' motion for sanctions is accordingly due to be **GRANTED**. See Pelletier, 921 F.2d at 1514. Sanctions in this case, however, will be imposed solely on Michelle Smith, as

counsel for Plaintiff, and not Plaintiff himself. The law is clear that sanctions should not be imposed upon a represented party for violations of Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A). Thus, Ms. Smith, alone, will be required to bear the burden of sanctions in this case.

Once the decision to impose sanctions is made, this Court must next determine what sanction is reasonable. The amount of any monetary sanction under Rule 11 should be "designed to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims." See Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993). Sanctions are to be "imposed for the purpose of deterrence, compensation, and punishment." Id. When calculating sanctions, this Court may thus take into account what amount of sanction is necessary to compensate the injured parties and to punish the offender. Baker v. Alderman, 158 F.3d 516, 528 (11th Cir 1998). Foremost, however, the Court must consider whether the sanction imposed will deter future wrongful conduct, as "deterrence remains the touchstone of the Rule 11 inquiry." Id. In fact, the rule itself provides that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Still, sanctioning should be "done with sensitivity to the facts of the case and to the party's financial situation." Baker, 158 F.3d at 528. "The conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed;" inasmuch, the Court must specifically consider the violator's financial ability to pay any award of sanctions. Id. Mitigating circumstances are also relevant, and the Court must inquire as to the extent to which the nonviolating party's expenses could have been avoided, or mitigated, and reduce or increase the award accordingly. Id.

In this instance, the Court finds that Counsel Michelle Smith should be ordered to pay all of the reasonable attorneys fees and costs incurred as a result of defending this frivolous action. See

Fed. R. Civ. P. 11(c)(4) (contemplating "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation"). Generally, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988). This Court enjoys wide discretion in determining a reasonable fee. Defendants have filed affidavits from their legal counsel detailing the expenses incurred as a result of this litigation, totaling approximately $23,241.00. These affidavits have been fully considered by the Court. See Williams v. Carney, 266 Fed. Appx. 897, 900 (11th Cir. 2008) (finding no error when a district court used affidavits as a basis for determining reasonable attorneys fees).

Notably, Ms. Smith has not submitted any expert affidavits or other evidence to challenge the amount of hours expended or the hourly rates charged; nor has Ms. Smith made any representation to the Court (either in writing or during the hearing on this matter) that she is financially unable to pay the monetary sanction sought or that the amount of the sanction sought by Defendants would cause her any particular hardship. In most cases, this Court would find that Ms. Smith thus concedes the reasonableness of the sanction sought and that no hardship would be caused by its imposition. In light of the severity of sanction being considered in this case, however, this Court will allow Ms. Smith an additional opportunity to object to the amount of monetary sanction sought. If she wishes to do so, Ms. Smith must file a response and any supporting affidavits with this Court within ten (10) days of the date of this Order.

Ms. Smith should not mistake this action for an offer of leniency by the Court. The sanction which will ultimately be imposed in this case will be stringent and will be designed to deter future unreasonable conduct. The sanction will also serve to indemnify Defendants, who were unfairly

hauled into this Court, at great cost and inconvenience, to defend an entirely baseless and frivolous lawsuit.  The Court finds that it is simply indefensible that Ms. Smith actually filed this frivolous civil action against an attorney, practicing law nearly six hundred miles away from this Court, for simply doing her job and diligently representing her client as the law requires.  This action is tantamount to harassment, and this matter will not be treated lightly.

## CONCLUSION

Whereas, the Court finds that the claims set forth by Plaintiff's Counsel, B. Michelle Smith, were objectively frivolous in view of the facts and the law and that Counsel should have been aware that the claims stated were frivolous upon a reasonable inquiry, Defendants' Motion for Sanctions is **GRANTED**.  The amount of monetary sanction, however, is still under consideration. Plaintiff's Counsel, B. Michelle Smith, will thus be afforded ten (10) days in which to submit any further response on this issue.  No additional submission by Defendants is necessary.

SO ORDERED, this 22nd day of September, 2009.

S/ C. Ashley Royal
**C. ASHLEY ROYAL**
**UNITED STATES DISTRICT JUDGE**

jlr