IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **HAROLD G. HOBGOOD, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action No. |
| v. | : | 5:09-CV-164 (CAR) |
| | : | |
| **DAVID, KAMP & FRANK L.L.C.,** | : | |
| **JENNIFER O'QUINN DAVID, ROBERT** | : | |
| **A. SMALL, WEISBROD & PHILLIPS,** | : | |
| **P.C., and BRADFORD CARTER** | : | |
| **PHILLIPS,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**AWARD OF MONETARY SANCTIONS**

Again before the Court is the Motion for Sanctions [Doc. 19] filed by Defendants David, Kamp, & Frank, LLC, Jennifer O'Quinn David, and Robert Smalls. Through this motion, Defendants seek sanctions against Plaintiff's Counsel for filing a patently frivolous action in this Court. Following a hearing on the matter and after full consideration of the arguments of the parties and the relevant law, this Court granted the Motion for Sanctions, finding that the claims set forth by Plaintiff's Counsel, B. Michelle Smith, were objectively frivolous in view of the facts and the relevant law and that Counsel should have been aware that the claims stated were frivolous upon a reasonable inquiry. The Court, however, reserved ruling on the amount sanctions to be imposed and allowed Plaintiff's Counsel ten days in which to submit any further response on this sole issue.

Counsel did file a timely response [Doc. 39] to the Court's Order. Her response, however, was beyond the limited scope permitted. Counsel instead chose to file a brief arguing that this Court was now without jurisdiction to impose sanctions because the Court has dismissed the action filed

and judgment has been entered. Counsel further moved for reconsideration of the Court's order granting the Motion for Sanctions. Despite this Court's clear request, however, Counsel failed to provide the Court with evidence establishing that the legal fees claimed Defendants in this case are unreasonable. Counsel likewise failed to submit evidence demonstrating that she is financially unable to pay the monetary sanction sought or that the amount of the sanction sought by Defendants would cause her any particular hardship. Counsel's response is thus entirely unhelpful and unpersuasive in the matter before the Court.

Contrary to Counsel's representations, this Court certainly retains jurisdiction to impose sanctions on an attorney even after underlying proceeding is no longer pending. See Cooster & Gell v. Hartmarx Corp., 296 U.S. 384, 395, 110 S.Ct. 2447, 2455, 110 L Ed.2d 359 (1990). "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." Id.; See also Miller v. Morris Communications Co., LLC, 234 Fed. Appx. 881 (11th Cir. 2007) (district court retained jurisdiction to consider sanctions after entry of summary judgment); Cofield v. Alabama Public Service Com'n, 936 F.2d 512 (11th Cir.1991) (district court retained jurisdiction to issue order to show cause why plaintiff should not be sanctioned for his overly litigious behavior more than ten days after grant of summary judgment). Defendants filed the present motion for sanctions in this case long before the Court granted the Motion to Dismiss, and in the Order dismissing the case, this Court specifically addressed the sanctions issue and ordered Counsel to "show cause" why such sanctions should not be imposed. The Court thus clearly retained jurisdiction over the matter. The issue of sanctions was not raised for the first time after the case was

dismissed or in a subsequent action. As such, the case law cited by Plaintiff's Counsel is inapposite to the present case.

The Court is likewise unmoved by Counsel's request for reconsideration. The time for hearing evidence on the issue of whether sanctions should be imposed has passed. Counsel was noticed of the hearing on the matter and had a full opportunity to present evidence at that time. The Court considered the evidence then presented, and, for the reasons discussed in its Order dated September 22, 2009, the Court granted the motion. Local Rule 7.6 certainly contemplates motions for reconsideration, but it also warns that such motions "shall not be filed as a matter of routine practice." M.D. Ga. Loc. R. 7.6. Rather, they are only appropriate if the movant can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Georgia Department of Transp., 2006 WL 1582409 * 2 (M.D. Ga. June 6, 2006) (slip copy) (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga.1997)). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." Id. (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted). "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. In this instance, Counsel obviously seeks to simply reargue an issue the Court has already determined. She has not cited any change in the law, new evidence, or a need to correct clear error. Her motion for reconsideration is thus **DENIED**.

These diversions now aside, the Court returns to the matter at hand: the amount of sanctions which should be imposed in this case. As this Court previously explained, any Rule 11 sanctions

imposed in this case must be "designed to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims." See Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotes omitted). In other words, they are to be "imposed for the purpose of deterrence, compensation, and punishment." Id. This Court is thus required to clearly "explain why the amount of sanctions that it awards will deter unreasonable conduct" and "may take into account compensation of other parties and punishment of the offender." Baker v. Alderman, 158 F.3d 516, 528 (11th Cir 1998). Foremost, the Court must consider whether the sanction will deter future wrongful conduct, as "deterrence remains the touchstone of the Rule 11 inquiry." Id. In fact, the rule itself provides that the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Sanctioning, however, should be "done with sensitivity to the facts of the facts of the case and to the party's financial situation." Baker, 158 F.3d at 528. "The conduct and resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed;" as such, the Court must specifically consider the violator's financial ability to pay any award of sanctions. Id. Mitigating circumstances are also relevant, and the Court must inquire as to the extent to which the nonviolating party's expenses could have been avoided, or mitigated, and reduce or increase the award accordingly. Id.

This Court has found that Plaintiff's Counsel should in fact be ordered to pay all of the reasonable attorneys fees and costs incurred as a result of defending this frivolous action. See Order, Sept. 22, 2009 [Doc. 38]. The Court must now decide whether the amount of attorneys fees and costs claimed by Defendants is reasonable. Generally, "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th

Cir.1988). This Court enjoys wide discretion in determining a reasonable fee. Here, Defendants have filed affidavits of their legal counsel detailing the expenses incurred as a result of this litigation. These affidavits and attached time sheets have been fully considered by the Court. See Williams v. Carney, 266 Fed. Appx. 897, 900 (11th Cir. 2008) (finding no error when a district court used affidavits as a basis for determining reasonable attorneys fees); Mesa Petroleum Comp. v. Coniglio, 629 F.2d 1022, 1030 (5th Cir.1980) (same).

Notwithstanding the valid affidavits filed by counsel, however, the Court finds that attorneys fees in the Middle District of Georgia typically range from $125-$350 per hour, with the legal fees most often falling in the lower part of this range at $125.00 - $175.00 per hour. In accordance with this finding, the Court feels that the hourly rates cited by defense counsel in support of their motion for sanctions ($175.00 and $250.00 per hour) are a bit high, given their relevant experience and background. A rate of $140.00 per hour for the services of attorneys Joshua M. David and Matthew Strickland is more in line with the fees generally charged by attorneys with comparable experience and background in the Middle District of Georgia. A rate of $350.00 for attorney Jerome Strickland, however, is certainly in line with his level experience, and the Court finds this to be reasonable.

The Court has also made a careful review of defense counsel's time entries. The amount of hours they expended in this case generally appears to be reasonable given the nature of the suit and Plaintiff Counsel's reluctance to dismiss the case voluntarily even after defense counsel advised her of its deficiencies. There is no evidence before the Court that these costs could have been mitigated or otherwise avoided. Plaintiff's Counsel did submit one affidavit challenging the amount of hours expended, which merely states that the "attorney fees requested are excessive for cursory motions . . . ." The motions filed by Defendants, however, were not cursory and were well supported by research and relevant case law. Counsel's affiant does not suggest what amount of time would have

been reasonable in this case or otherwise attempt to identify any specific time entries as excessive. The hours claimed by Defendant's attorneys will accordingly be accepted as reasonable.

Obviously, even despite the fee reductions made by the Court herein, the award of sanctions at issue in this case is a significant amount of money, and this Court must specifically consider Counsel's financial ability to pay these legal fees and expenses. See Baker, 158 F.3d at 528. There is little or no evidence currently before the Court that Plaintiff Counsel is financially unable to pay an award of monetary sanctions in this case. She appears to be a reasonably successful plaintiff's attorney. Moreover, Counsel has not presented sufficient evidence that a monetary sanction would cause her any particular hardship. She merely states in her affidavit that she "is a solo-practitioner who does reduced-fee work and *pro bono* work, and that monetary sanctions impose a hardship." This self-serving statement assists the Court very little. Certainly all sanctions impose some sort of "hardship." Counsel has thus failed to persuade this Court that any undue hardship would result from the sanctions sought.

Accordingly, the Court finds that fees and costs totaling $15,096.80 is a reasonable monetary sanction in this case. This sanction will serve to deter future unreasonable conduct. Because of this severe sanction, Counsel B. Michelle Smith should certainly take greater care in investigating and controlling her cases in the future, and other counsel may take notice and appropriate investigative steps in the event that Plaintiff Harold G. Hobgood attempts to pursue his cause and file suit against Defendants in yet another forum. The sanction will also serve to fully indemnify Defendants, who were unfairly hauled into this Court, at great cost and inconvenience, to defend an entirely baseless and frivolous lawsuit. Defendants should certainly not be required to suffer financial hardship to pay their legal fees under such circumstances. Unfortunately, this Court may only indemnify Defendants for the fees and costs of this action. The Court does note, however, that additional injury

may be suffered by Defendants in the future, as they will, for at least some period of time, be required to explain the frivolous nature of this action to their professional malpractice insurers. It is this Court's hope that they are not financially penalized or otherwise professionally harmed as a result of having to defend this suit. They were before this Court due to no fault of their own.

Accordingly and for all the above stated reasons, Counsel B. Michelle Smith, Esq., is **HEREBY ORDERED** to pay Defendants $15,096.80 for all legal fees and costs associated with defending the present action.

**SO ORDERED**, this 16th day of October, 2009.

                                      S/ C. Ashley Royal
                                      **C. ASHLEY ROYAL**
                                      **UNITED STATES DISTRICT JUDGE**

jlr/THC