# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON  DIVISION

| | | |
|---|---|---|
| **HAROLD G. HOBGOOD, SR.,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **Civil Action No.** |
| **v.** | **:** | **5:09-CV-164 (CAR)** |
| | **:** | |
| **DAVID, KAMP & FRANK L.L.C.,** | **:** | |
| **JENNIFER O'QUINN DAVID, ROBERT** | **:** | |
| **A. SMALL, WEISBROD & PHILLIPS,** | **:** | |
| **P.C., and BRADFORD CARTER** | **:** | |
| **PHILLIPS,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER ON MOTION FOR CIVIL CONTEMPT

Currently before the Court is a Motion for Order of Contempt [Doc. 41] filed by

Defendants David, Kamp, & Frank, LLC, Jennifer O'Quinn David, and Robert Smalls.

Through the present motion, Defendants seek to have the Court hold Plaintiff's counsel in

contempt for failing to pay an earlier award by the Court of monetary sanctions, which was a

final order that was not appealed.  Because Defendants have not yet pursued other appropriate

and available means for collecting this debt, a finding of civil contempt is unnecessary and

inappropriate.  The Motion is therefore **DENIED**.

## BACKGROUND

This case arose out of Plaintiff Harold G. Hobgood's divorce, which a Virginia state

court adjudicated.  After moving to Georgia, Plaintiff filed the above-captioned suit in United

States District Court for the Middle District of Georgia against the Virginia law firm and Virginia attorneys who represented his ex-wife in the Virginia proceedings. Defendants are all Virginia residents having little or no contact with the State of Georgia. Plaintiff apparently sought to allege a federal cause of action for a violation of his constitutional right to travel to Virginia. As a basis for this argument, he contended that these attorneys intentionally made misrepresentations of fact and law during the divorce proceedings. He claimed that the resulting monetary judgment against him, which he refused to pay, has prevented him from returning to Virginia for fear of incarceration and has thus infringed on his federal rights.

Upon a thorough review by this Court, the legal arguments and positions taken by Defendants during the divorce proceedings appeared to be substantially supported by Virginia case law. In fact, two different Virginia courts heard Plaintiff's same objections before adopting the position advocated by Defendants. Plaintiff did not appeal the Virginia courts' rulings and refused to pay court-ordered spousal support. A contempt sanction followed, which is the sole basis for Plaintiff's belief that he cannot now travel to Virginia. Plaintiff, however, has pointed to no specific risk that Virginia would jail him pursuant to his civil contempt.

Nonetheless, Plaintiff relocated to Georgia sometime after the divorce proceedings and sought legal counsel through B. Michelle Smith, Esquire. Smith agreed to represent him. She then zealously pursued and freely advocated his patently frivolous theory before this Court. From the outset, Smith was aware that two Virginia courts had previously rejected Plaintiff's legal arguments and that Defendants had no contacts to the state of Georgia or anything other than an adversarial past professional relationship with Plaintiff.

Defendant filed a timely motion to dismiss the case. Upon review of the Complaint, this Court found that: (1) there was no basis for the exercise of personal jurisdiction over Defendants, (2) venue was improper, and (3) the Complaint failed to state any claim upon which relief could be granted and was simply frivolous. The motion to dismiss was granted.

The Court then ordered Plaintiff and his counsel to appear and show cause why they should not be sanctioned, under Rule 11 of the Federal Rules of Civil Procedure, for filing a frivolous action in this Court. Plaintiff did not file a response to the motion, but the Court held a full evidentiary hearing to discuss the matter on August 27, 2009. Counsel for both parties and Plaintiff were all given a full opportunity to be heard. The Court found that Smith failed to conduct a reasonable investigation into the facts before filing the case and that the objectively frivolous nature of Plaintiff's claim warranted an award of sanctions.

The Court reserved making a finding as to the appropriate amount of the monetary award, since Smith had not submitted any challenge to Defendants requested fees or any evidence of her own financial means. Smith did later file a response but did not include therein any information as to her financial means. Nor did she challenge the amount in attorneys' fees as calculated by Defendants. Instead, Smith attempted to reargue the merits of the Court's decision and challenged the Court's power and jurisdiction to impose sanctions in the first place. Despite Smith's unhelpful response, the Court determined a sanctions award of $15,096.80–a figure substantially lower than Defendants' proposed figure of $23,241.00.

Since the entry of the final order awarding sanctions on October 16, 2009, Smith has not paid the amount in full. She has proposed a "truce" to Defendants by asking them, among other things, to write-off the award as bad debt for tax purposes or to allow her to perform free legal

research for them in lieu of payment.  Defendants declined these offers.  Smith also claimed in correspondence with Defendants that she could not afford to pay the full award on her annual salary of approximately $30,000.00.  She began to send Defendants monthly checks in the amount of $100.00.  After receiving two of these payments, Defendants filed the present Motion for an Order of Contempt [Doc. 41].  Smith responded and claims that by cashing her checks Defendants created a contract for payment of the award at a rate of $100.00 per month.  To date and despite repeated entreaties for her to do so, Smith has never provided the Court with any documentation of her financial ability to pay this monetary sanction.  From begin to end, Smith's handling of this case has been one long parade of her ineptness.

## DISCUSSION

The Court's imposition of Rule 11 sanctions was a final order.  The proper means to secure compliance with a monetary award is to seek a writ of execution–not an order of contempt. Fed. R. Civ. P. 69(a); Combs v. Ryan's Coal Co., 785 F.2d 970, 982 (11th Cir. 1986); see also Gabovitch v. Lundy, 584 F.2d 559, 560 n.1 (1st Cir. 1978) ("equitable remedies, even those permitted by Rule 70, are seldom appropriate aids to execution of a money judgment"). Judgement holders cannot use the district court as bill collectors.  Defendants have not yet even sought a writ of execution to collect on the Court's sanction.  Prior to entering this Order, however, the Court directed the clerk to issue a writ of execution to Defendants on the final order awarding sanctions.  With the writ of execution, Defendants may pursue any and all appropriate collections efforts as would normally be available to them.  These may include but are not necessarily limited to taking depositions or serving interrogatories aimed at

documenting Smith's ability to pay the sanction and filing liens or initiating garnishments in order to satisfy the debt.

Since the Court's role is not to function as a bill collector, a finding of civil contempt is both unnecessary and inappropriate. Of course, the Court nonetheless retains the authority to issue an order of contempt if Smith obstructs Defendants collections efforts or otherwise does not respond in good faith. See In re Baum, 606 F.2d 592, 593 (5th Cir. 1979). The Court notes that Smith has thus far been her own worst enemy in this regard by squandering repeated opportunities to demonstrate her financial ability.

The Court, therefore, is not suggesting that Smith has been forthcoming or cooperative. She has a bad track record on both accounts. In addition to her seeming inability to produce evidence of her financial assets, her suggestion that she has some sort of implied installment contract with Defendants to pay the sanction is baseless. The full amount was due when the Court issued its calculation of the award, which certainly did not require Defendants to finance payment on the debt over the course of more than a dozen years. As such, Smith should not interpret this order to mean that the Court expects anything less than her forthright and prompt cooperation in any collections proceedings on her obligation to satisfy in-full the debt that arose out of the final order awarding sanctions.

An additional contempt sanction proposed by Defendants involved fees incurred in preparing and defending the Motion for Order of Contempt. These attorney's fees accrued solely through the process of bringing a contempt motion that the Court now declines to entertain. Without a finding of contempt, these fees do not represent a continuing monetary harm as a result of civil contempt. As such, the Court will assess no additional costs to Smith.

**CONCLUSION**

As discussed above, Defendants have not yet pursued any means for collecting the sanctions previously awarded by the Court. Defendants cannot use the process for civil contempt to collect a bill. A finding of contempt, therefore, is not an appropriate form of relief, and the Motion is **DENIED**. Defendants are free, however, to conduct their own collections efforts on this debt pursuant to the writ of execution issued by the clerk on the final order awarding sanctions.

**SO ORDERED,** this 30th day of September, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

THC/chw